### No. 586
### JEREMY v. TANKE

No. 18730. Supreme Court of Ohio

Pending on motion to require Ottawa Appeals to certify. Docketed July 24, 1924. 2 Abs. 483.

983. QUIETING TITLE—Must there be evidence to show plaintiff's possession.

Action was brought in Ottawa Common Pleas by Lincoln Tanke against Dave Jeremy, to quiet title to a tract of land.

The Common Pleas found for Tanke. The Court of Appeals affirmed the Common Pleas.

Jeremy claims that the courts below erred as follows:

That there was no evidence tending to show that Tanke was ever in possession of the land in question. That there was overwhelming evidence tending to prove that he (Jeremy) and his predecessors in title were, and had been in possession of said land for more than twenty-one years. That 11901 GC. provides that an action to quiet title may be brought only by a person who is in possession of real property.

Attorneys—Boggs & Doty, Toledo, and Lawrence C. Rupp, for Jeremy.

---

### No. 587
### STATE ex LITTLE v. CARTER et

No. 18610. Supreme Court

Pending on plaintiff's motion to order Summit Appeals to certify its record.

615. HUSBAND AND WIFE—Is a divorcee still his widow, after the husband's death?

The defendants in error constitute the Board of Trustees of the Police Relief Fund of Akron, and among other things the rules and bylaws had provided that upon the death of any member of the department there shall be paid $50 as funeral expenses and if he was a married man $35 per month to his widow while she remains unmarried. October 16, 1922, this amount was increased to $50 per month.

Austin Little, the husband of the relator, at the time of his death, Feb. 12, 1920, had been a patrolman, and surviving him was his wife, Jessie, and a child nine years old. On Nov. 14, 1919, she was granted a divorce from the husband. On April 2, 1923, she filed an application for the relief, which was denied for the reason that she was not his wife at the time of his death, and had no right to be a beneficiary of the police relief fund.

April 20, 1923, she filed a petition for mandamus in the Summit Appeals, setting up that she was the lawful wife of Little and claiming $35 per month from Feb. 12, 1920, to Nov. 1, 1922, and $50 per month thereafter. The de-

fense was that upon the death of Little she did not become and never has been his widow. The court found that she was not entitled to the relief and dismissed the proceeding.

Attorneys—Smoyer, Clinedinst & Smoyer, for State; H. M. Hagelbarger, C. T. Moore and W. A. Kelley, contra.

---

SEMI-ANNUAL

# Abstract Digest

FIRST, SECOND AND THIRD

January to July, 1923
July to January, 1923
January to July, 1924

BOUND IN ONE VOLUME

Buckram Covers

Attorneys who have not been subscribers to the Abstract, and those who want convenient access to the about 1500 Ohio cases published exclusively in the Abstract, since its service began, should get this Book.

Only a Limited Number Left

PRICE NOW, WHILE THEY LAST

$15.00 FOR THE THREE IN ONE

Price Includes Delivery

## The Law Abstract Company

CLEVELAND, O.

Mail Address, Box 55, East Cleveland Station

---

# Bound Volumes
## 1923
# OHIO
# LAW ABSTRACT

JUST A FEW VOLUMES LEFT

And They Will Soon be Taken

WHILE THEY LAST

Including Delivery

If you have back numbers for part of the year, we will receive them in exchange.

THEY GROW MORE VALUABLE WITH AGE

PRICE NOW, $17.50

WRITE FOR PARTICULARS

## The Law Abstract Company

CLEVELAND, O.

Mail Address, Box 55, East Cleveland Station